UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MINGQUI TAO and JAIN TAO,

      Plaintiffs,

-against-

ELITE COLD STORAGE, LLC, et al.,

      Defendants.

1:23-cv-06599 (JLR)

**MEMORANDUM OPINION AND ORDER**

JENNIFER L. ROCHON, United States District Judge:

  Plaintiffs, proceeding through an attorney, filed their Complaint on July 28, 2023. ECF No. 1. The July 28, 2023 filing was marked as a "deficient pleading" on the docket by the Clerk of Court, as were three subsequent filings of the Complaint on July 31, 2023. ECF Nos. 2, 3, 4. The Complaint is now filed as ECF No. 5 ("Complaint" or "Compl."). Plaintiffs assert personal injury claims arising from an alleged assault and battery in New Jersey. *See id.* ¶¶ 1-2. The Complaint is brought under New Jersey statutory and common law, as well as (inexplicably) 18 U.S.C. 351(e), which makes it a federal offense to kill or kidnap certain federal government officials. *See* Compl. ¶ 2. For the reasons set forth below, Plaintiffs are hereby ORDERED to show why subject-matter jurisdiction exists and, if jurisdiction does exist, why the Southern District of New York is a proper and convenient forum for this case.

### DISCUSSION

1. **Subject-Matter Jurisdiction**

  The Complaint does not expressly assert any basis for the Court's jurisdiction. *See generally id.* However, Plaintiffs appear to base jurisdiction on diversity of citizenship. *See id.* ¶¶ 4-11. "An individual's citizenship, within the meaning of the diversity statute, is determined by his domicile. . . [in other words] the place where a person has his true fixed home and

principal establishment, and to which, whenever he is absent, he has the intention of returning." *Van Buskirk v. United Grp. of Cos.*, 935 F.3d 49, 53 (2d Cir. 2019).  For purposes of diversity jurisdiction, a limited liability company is deemed to be a citizen of each state of which its members are citizens.  *See Handelsman v. Bedford Vill. Assocs. L.P.*, 213 F.3d 48, 51-52 (2d Cir. 2000).  That means that, "if any of an LLC's members are themselves noncorporate entities, then a plaintiff must allege the identity and citizenship of their members, proceeding up the chain of ownership until it has alleged the identity and citizenship of every individual and corporation with a direct or indirect interest in the LLC."  *U.S. Liab. Ins. Co. v. M Remodeling Corp.*, 444 F. Supp. 3d 408, 410 (E.D.N.Y. 2020) ("In pleading an LLC's citizenship, the identity and citizenship of each member has to be specifically alleged.") (collecting cases).

Here, Plaintiffs have not properly alleged the citizenship of the parties.  The Complaint alleges that Plaintiff Mingqui Tao "was and still is a resident of the County of Kings, State of New York."  Compl. ¶ 4.  But the Complaint also alleges that "plaintiff is currently a resident of Rockland County State of New York."  *Id.* ¶ 5.  The Complaint alleges that Plaintiff Jain Tao "resided . . . in the County of Kings, State of New York" and is also "a resident of the County of Rockland, State of New York."  *Id.* ¶¶ 40-41.  Thus, Plaintiffs have alleged two different places of residence for each Plaintiff but have *not* alleged the domicile for either Plaintiff.

With respect to Defendants, the Complaint alleges that Defendant Elite Cold Storage, LLC ("ECS LLC") "was a business concern located in Carteret Borough, County of Middlesex, State of New Jersey," which is where ECS LLC "maintained its business" and "maintained a warehouse."  *Id.* ¶¶ 8-10.  It alleges that Defendant Joseph Newman ("Newman") was "a partner" in ESC LLC and "a resident of Carteret Borough, County of Middlesex, State of New Jersey."  *Id.* ¶¶ 7, 11.  Finally, the Complaint alleges that Defendant Elieze Delgado, Jr. was "a resident of Carteret Borough, County of Middlesex, State of New Jersey."  *Id.* ¶ 6.  However, the

Complaint does not allege that Newman is the only partner of ESC LLC or otherwise allege the identity and citizenship of every member of ESC LLC, as Plaintiffs must for purposes of alleging the citizenship of a limited liability company.

Accordingly, Plaintiffs have not alleged the prerequisites for this Court to exercise subject matter jurisdiction over this case.

2. **Venue**

Under 28 U.S.C. § 1391(b), a civil action may generally be brought in: "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred . . .; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action." For venue purposes, a "natural person" resides in the judicial district where the person is domiciled. 28 U.S.C. § 1391(c)(1). An "entity with the capacity to sue and be sued in its common name . . . shall be deemed to reside, if a defendant, in any judicial district in which such defendant is subject to the court's personal jurisdiction with respect to the civil action in question." 28 U.S.C. § 1391(c)(2). Additionally, a district court may transfer a case to any other district where it might have been brought "[f]or the convenience of parties and witnesses, in the interest of justice." 28 U.S.C. § 1404(a).

Here, Plaintiffs do not allege that any Defendant resides in this District – the Southern District of New York. Plaintiffs appear to assert claims based on an alleged personal injury that occurred in New Jersey and not in this District. Additionally, the Complaint does not allege any nexus to this District. Accordingly, it appears that this may not be a proper forum, or at least not a convenient forum, for this case.

## CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED that Plaintiffs shall, no later than **August 15, 2023**, file a letter, supported by one or more sworn affidavits, that provides the necessary prerequisites for the Court to exercise subject-matter jurisdiction.  The submission should allege, consistent with this Order, the citizenship of each party – including the domicile of each individual and the identity and citizenship of each limited liability company member, and those members' members, down the chain of ownership – and show that complete diversity exists.  If, by that date, Plaintiffs are unable to allege complete diversity of citizenship, the action may be dismissed for lack of subject-matter jurisdiction without further notice to the parties.

IT IS FURTHER ORDERED that Plaintiffs shall, in their **August 15, 2023** submission, also show why the Southern District of New York is a proper and convenient forum for this case.

Dated: August 1, 2023
      New York, New York

SO ORDERED.

*Jennifer Rochon*
JENNIFER L. ROCHON
United States District Judge