UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

MINGQUI TAO, and JAIN TAO,

                          Plaintiffs,

    v.

ELITE COLD STORAGE, LLC, JOSEPH NEWMAN, and ELIEZE DELGADO, JR.,

                          Defendants.

No. 23-CV-6599 (KMK)

ORDER OF DISMISSAL

---

KENNETH M. KARAS, United States District Judge:

On July 31, 2023, Plaintiffs brought this Action seeking to recover for personal injuries and loss of consortium related to an alleged assault. (*See generally* Compl. (Dkt. No. 1).) Plaintiffs stated that they are residents of Kings County and Rockland County, that Defendants Newman and Delgado are residents of New Jersey, that Newman has an ownership interest in Elite Cold Storage, LLC ("Elite"), that Defendant Delgado is an employee of Elite, and that Elite does business in New Jersey. (Compl. ¶¶ 4–14.) The Complaint does not contain allegations regarding the citizenship of the Parties.

On August 1, 2023, the Court ordered Plaintiffs to show why subject-matter jurisdiction exists and, if so, why venue is proper in this District. (Mem. Op. and Order (Dkt. No. 6).)[1] After an additional prompt, (Order (Dkt. No. 14)), Plaintiffs filed a letter which, among other things, stated that "[t]here is complete diversity in this matter" and listed the purported (New Jersey) addresses of each Defendant, (Letter from Aaron Lebenger, Esq., to Court (Aug. 29, 2023)

---

[1] This case was initially assigned to Judge Rochon and was subsequently transferred. (*See generally* Dkt.)

("Lebenger Ltr."), at 1 (Dkt. No. 15)). Defendants responded with a letter arguing that diversity jurisdiction is lacking, (*see* Letter from Jared J. Limbach, Esq., to Court (Nov. 7, 2023) (Dkt. No. 20)), which they supplemented with a Declaration from Defendant Newman, (Letter from Jared L. Limbach, Esq., to Court (Nov. 8, 2023), Ex. 1 ("Newman Decl.") (Dkt. No. 22)). In that Declaration, Defendant Newman states that he is a resident of Staten Island, and that his brother Thomas Newman (who is also a member of Elite) is a resident of Long Island. (*Id.*)

Federal Court jurisdiction exists only if the Complaint presents a "federal question," 28 U.S.C. § 1331, or if there is complete "diversity of citizenship" and the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 514 (2006) (citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999)). When "a federal court concludes that it lacks subject-matter jurisdiction, the court must dismiss the [C]omplaint in its entirety." *Chapman v. United States Dep't of Just.*, 558 F. Supp. 3d 45, 49 (E.D.N.Y. 2021); *see also Esquibel v. Colgate-Palmolive Co.*, No. 23-CV-742, 2023 WL 7412169, at *2 (S.D.N.Y. Nov. 9, 2023) ("An action must be dismissed for lack of subject matter jurisdiction when the district court lacks the statutory or constitutional power to adjudicate it."); *see also* Fed. R. Civ. P. 12(h)(3).

"A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Kuo v. Gov't of Taiwan*, No. 17-CV-10156, 2019 WL 120725, at *2 (S.D.N.Y. Jan. 7, 2019) (quoting *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000)). At the pleading stage, the Court must accept all of Plaintiff's factual allegations as true, although it may also "consider relevant materials beyond the pleadings" to assess jurisdiction. *Esquibel*, 2023 WL 7412169, at *2 (citing *Makarova*, 201 F.3d at 113).

Plaintiffs have failed to meet that burden here. Per their letter, Plaintiffs seek to establish diversity jurisdiction, (Lebenger Ltr. at 1), which requires complete diversity—i.e., that "all plaintiffs are citizens of different states from all defendants." *See Cable First Constr. Inc. v. Lepetiuk Eng'g Corp.*, No. 20-CV-5894, 2021 WL 276707, at *4 (S.D.N.Y. Jan. 27, 2021).[2] An individual's citizenship, in turn, is based on domicile: the "place where a person has a true fixed home" and to which he or she "has the intention of returning." *Van Buskirk v. United Grp. of Companies, Inc.*, 935 F.3d 49, 53 (2d Cir. 2019). Limited liability companies, like Elite, are "deemed to be a citizen of each state of which its members are citizens." *Kuehne + Nagel, Inc. v. Halco Lighting Techs., LLC*, No. 23-CV-07069, 2023 WL 5180431, at *1 (S.D.N.Y. Aug. 11, 2023). Relevant here, Plaintiffs allege the *residence* of Defendants Newman and Delgado, but not their *domicile* or citizenship. (*See generally* Compl.; Lebenger Ltr.) "For the most part, residence and domicile are two perfectly distinct things," *Aroch v. Yohai*, No. 16-CV-8954, 2017 WL 7512814, at *2 (S.D.N.Y. July 26, 2017), in that "[a] person may be a resident of one locality, but be domiciled in another," *United States v. Venturella*, 391 F.3d 120, 125 (2d Cir. 2004) (quotation marks omitted). Indeed, that situation may describe Defendant Newman who, according to Plaintiffs, resides in New Jersey, (Lebenger Ltr. at 1), and who states he currently resides in Staten Island, New York, (Newman Decl. ¶ 2). Thus because "'residence' does not

---

[2] The Complaint briefly references the federal statute criminalizing assault on Members of Congress and other federal officials. (Compl. ¶ 2 (citing 18 U.S.C. § 351(e)).) But the Complaint, on its face, does not establish either that "federal law creates the cause of action or that [ P]laintiff[s'] right to relief necessarily depends on resolution of a substantial question of federal law." *See, e.g.*, *Suarez v. Marcus*, No. 20-CV-11051, 2021 WL 603048, at *1 (S.D.N.Y. Feb. 12, 2021) (explaining requirements for invoking federal question jurisdiction). Indeed, it is well-established that "violations of the Criminal Code may not serve as the basis for a civil cause of action absent an express or implied private right of action," which Plaintiffs do not suggest exists here. *See McCarthy v. Martinelli*, No. 22-CV-7359, 2023 WL 385405, at *2 (E.D.N.Y. Jan. 11, 2023) (quotation marks omitted).

determine citizenship" and Plaintiffs do not otherwise "set forth the . . . citizenship of each [Defendant/]member individually," they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction, and the Complaint must be dismissed.  *See Lastres Cap. Grp. LLC v. Union Mut. Fire Ins. Co.*, No. 21-CV-3141, 2021 WL 2401012, at *1 (E.D.N.Y. June 11, 2021) (citations omitted) (dismissing complaint sua sponte for lack of subject matter jurisdiction); *see also SBL Enterprises LLC v. Keystone Cap. Corp.*, No. 21-CV-4459, 2021 WL 2000365, at *3 (S.D.N.Y. May 19, 2021) (dismissing sua sponte where "[p]laintiffs fail[ed] to allege the citizenship of the members of [plaintiff] LLC, alleging only that this entity [was] 'a North Carolina limited liability company with a principle address [in] . . . North Carolina'")); *Bodhi Building v. Elmsford Chicken, LLC*, No. 21-CV-919, 2021 WL 466009, at *2 (S.D.N.Y. Feb. 9, 2021) (same); *In re Bank of America Corp. Secs.*, 757 F. Supp. 2d 260, 334 n.17 (S.D.N.Y. 2010) ("Because the [p]laintiffs have not alleged the citizenship of each of the [LLC] Financial Advisors' members, they have not alleged facts sufficient to invoke this Court's subject matter jurisdiction by reason of diversity of citizenship." (citing 28 U.S.C. § 1332(a))).

CONCLUSION

For the foregoing reasons, the Complaint is dismissed for lack of subject matter jurisdiction. The dismissal is—as it must be—without prejudice. *Spira v. Trans Union, LLC*, No. 21-CV-2367, 2022 WL 2819469, at *6 (S.D.N.Y. July 19, 2022).

To the extent Plaintiffs have a good faith basis for filing an amended complaint setting forth facts sufficient to invoke diversity jurisdiction, they must do so within 30 days of the date of this Order.

SO ORDERED.

Dated: November 15, 2023
       White Plains, New York

_____
KENNETH M. KARAS
United States District Judge